# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Erin Wilson, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Grocery Delivery E-Services USA Inc. d/b/a EveryPlate,<br><br>    Defendant. | Case No. 1:25-cv-03262-VMC |

## DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Grocery Delivery E-Services USA Inc. d/b/a EveryPlate ("EveryPlate") hereby answers Plaintiff Erin Wilson's Class Action Complaint ("Complaint") and denies all allegations unless expressly admitted below, and reserves the right to move to compel arbitration based on facts it discovers after filing this answer.

    1.    EveryPlate admits only that Plaintiff purports to bring this action against EveryPlate pursuant to the TCPA. EveryPlate denies all allegations of wrongdoing, denies that it violated the TCPA as alleged by Plaintiff, denies that Plaintiff or any putative class member is entitled to any relief by reason of any of the

allegations in the Complaint, and denies that the Court can or should certify any class.

2. Denied.

3. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. EveryPlate reserves all rights to object to this Court's subject matter jurisdiction as circumstances warrant—including if discovery reveals that Plaintiff lacks Article III standing.

4. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

5. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

6. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

7. Admitted.

8. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

9. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

10. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

11. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

12. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

13. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

14. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

15. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

16. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

17. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

18. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

19. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

20. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  EveryPlate received prior

express written consent to send, or cause to be sent, text messages to the phone number that Plaintiff's counsel disclosed to EveryPlate's counsel on June 18, 2025, and which Plaintiff's counsel stated belonged to Plaintiff. EveryPlate does not know whether that is the same phone number alleged in Plaintiff's Complaint, and Plaintiff's counsel declined to provide further information to enable EveryPlate to respond to this or the other allegations.

21. Denied. EveryPlate received prior express written consent to send, or cause to be sent, text messages to the phone number that Plaintiff's counsel disclosed to EveryPlate's counsel on June 18, 2025, and which Plaintiff's counsel stated belonged to Plaintiff. EveryPlate does not know whether that is the same phone number alleged in Plaintiff's Complaint, and Plaintiff's counsel declined to provide further information to enable EveryPlate to respond to this or the other allegations.

22. Denied.

23. Denied, except that EveryPlate admits only that Plaintiff purports to seek to bring this Complaint under Rule 23 and to represent a class. EveryPlate denies that Plaintiff or any putative class member is entitled to relief by reason of the allegations in the Complaint and denies that the Court can or should certify any class.

24. Denied, except that EveryPlate admits only that Plaintiff purports to seek to certify a class and exclude members from it. EveryPlate denies that Plaintiff

or any putative class member is entitled to relief by reason of the allegations in the Complaint and denies that the Court can or should certify any class.

25. Denied, except that EveryPlate lacks knowledge about what information or belief Plaintiff has and therefore denies those allegations for lack of knowledge.

26. Denied, except EveryPlate lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding what is known to Plaintiff and therefore denies those allegations for lack of knowledge.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

38. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

39. EveryPlate lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. EveryPlate incorporates herein by reference its responses to the preceding paragraphs of the Complaint.

52. EveryPlate states that the citation in the allegations speaks for itself and refers to the citation for a complete and accurate statement of its contents. EveryPlate further states that the remaining allegations contain legal conclusions as

6

to which no response is necessary; and to the extent a response is necessary, denies the remaining allegations.

53. The allegations contain legal conclusions as to which no response is necessary. To the extent a response is necessary, EveryPlate denies the allegations.

54. EveryPlate states that the citation in the allegations speaks for itself and refers to the citation for a complete and accurate statement of its contents. EveryPlate further states that the remaining allegations contain legal conclusions as to which no response is necessary; and to the extent a response is necessary, denies the remaining allegations.

55. EveryPlate states that the citations in the allegations speak for themselves and refers to the citations for a complete and accurate statement of their contents. EveryPlate further states that the remaining allegations contain legal conclusions as to which no response is necessary; and to the extent a response is necessary, denies the remaining allegations.

56. EveryPlate states that the citation in the allegations speaks for itself and refers to the citation for a complete and accurate statement of its contents. EveryPlate further states that the remaining allegations contain legal conclusions as to which no response is necessary; and to the extent a response is necessary, denies the remaining allegations.

57. Denied.

58. Denied.

59. Denied.

\*\*. In response to the unnumbered section entitled "Prayer for Relief," EveryPlate denies all allegations of wrongdoing, denies that it violated any law, and denies that Plaintiff or any putative class member is entitled to any relief by reason of any of the allegations in the Complaint and denies that the Court can or should certify any class.

\*\*. In response to the unnumbered section entitled "Demand for a Jury Trial," EveryPlate admits only that Plaintiff requests a jury trial.

## **AFFIRMATIVE DEFENSES**

EveryPlate's affirmative defenses set forth herein are based solely on Plaintiff's allegations in the Complaint. EveryPlate asserts the affirmative defenses set forth below, each as separate and distinct affirmative defenses to the Complaint's alleged cause of action. Insofar as any of the following expresses denial of an element of a claim alleged against EveryPlate or states a mere defense, that denial or mere defense does not indicate that Plaintiff is relieved of his burden to prove each and every element of any such claim or that EveryPlate assumes any burden of proof. EveryPlate hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during, for example, pre-trial proceedings in this case, and hereby reserves the right to amend this answer and offer

or assert additional affirmative defenses that cannot now be articulated because, among other reasons, EveryPlate has not completed discovery.

### FIRST DEFENSE

Plaintiff and some, or all, of the putative class members agreed to arbitrate their claims and/or to waive class claims. EveryPlate requires discovery before seeking to compel Plaintiff to arbitrate, as Plaintiff (through Plaintiff's counsel) declined to provide information EveryPlate requires before filing such a motion.

### SECOND DEFENSE

Plaintiff lacks standing under Article III of the United States Constitution and statutory standing under the TCPA because, among other reasons, Plaintiff did not suffer any injury traceable to any conduct of EveryPlate. EveryPlate received prior express written consent to send the text messages to the phone number Plaintiff's counsel disclosed on June 18, 2025, which Plaintiff's counsel stated belonged to Plaintiff.

### THIRD DEFENSE

Plaintiff is barred from recovering because the text messages challenged in the Complaint do not constitute "telephone solicitations." EveryPlate received prior express written consent to send the text messages to the phone number Plaintiff's counsel disclosed on June 18, 2025, which Plaintiff's counsel stated belonged to Plaintiff.

## FOURTH DEFENSE

Plaintiff is barred from recovering because Plaintiff made an inquiry about the subject matter of the text messages before receiving the text messages over which Plaintiff sues.

## FIFTH DEFENSE

Plaintiff is barred from recovering because EveryPlate received prior express written consent to send the text messages to the phone number Plaintiff's counsel disclosed on June 18, 2025, which Plaintiff's counsel stated belonged to Plaintiff.

## SIXTH DEFENSE

Plaintiff is barred from recovering because EveryPlate has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations as set forth in 47 U.S.C. § 227(c)(5). Among other things, EveryPlate implemented practices and procedures to ensure it only sends marketing text messages to persons who provide their prior express consent to receive them and/or who first make inquiry to request information from or about EveryPlate.

## SEVENTH DEFENSE

The Complaint, and each claim for relief therein, fails to state a claim upon which relief can be granted.

## **RESERVATION OF RIGHTS**

EveryPlate hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during, for example, pre-trial proceedings in this case, and hereby reserves the right to amend this answer and offer or assert additional affirmative defenses that cannot now be articulated because, among other reasons, EveryPlate has not completed discovery. EveryPlate also reserves the right to move to compel arbitration based on facts it discovers after filing this answer.

WHEREFORE, EveryPlate prays that:

A. Judgment be rendered in favor of EveryPlate and against Plaintiff with respect to all counts and causes of action in the Complaint;

B. The above-entitled action be dismissed in its entirety with prejudice;

C. Plaintiff takes nothing by reason of his Complaint;

D. EveryPlate be granted its costs incurred in the connection with this lawsuit; and

E. For other such relief in EveryPlate's favor as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, EveryPlate demands a trial by jury on all issues so triable.

Respectfully submitted this 5th day of September, 2025.

/s/ *Jarred A. Klorfein*
Michael A. Caplan
Georgia Bar No. 601039
Jarred A. Klorfein
Georgia Bar No. 562965
**CAPLAN COBB LLC**
75 Fourteenth Street, NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
mcaplan@caplancobb.com
jklorfein@caplancobb.com

/s/ *Ari N. Rothman*
Ari N. Rothman *(pro hac vice)*
Shahin O. Rothermel *(pro hac vice forthcoming)*
**VENABLE LLP**
600 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 344-4000
Fax: (202) 344-8300
anrothman@venable.com
sorothermel@venable.com

*Counsel for Defendant*
*Grocery Delivery E-Services USA Inc.*
*d/b/a EveryPlate*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this day, I caused a true and correct copy of the foregoing document to be filed with the clerk's office using this Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

This 5th day of September, 2025.

                                                  */s/ Jarred A. Klorfein*
                                                  Jarred A. Klorfein
                                                  Georgia Bar No. 562965

                                                  *Counsel for Defendant*
                                                  *Grocery Delivery E-Services USA Inc.*
                                                  *d/b/a EveryPlate*