# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Erin Wilson, on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) Grocery Delivery E-Services ) USA Inc. ) ) ) Defendant. ) ) | CIVIL ACTION FILE NO. 1:25-cv-03262-VMC |

## [PROPOSED] STIPULATED ORDER ON DEFENDANT'S RESERVATION OF RIGHTS REGARDING ARBITRATION

Erin Wilson ("Plaintiff") and Grocery Delivery E-Services USA Inc. ("Defendant") (together, the "Parties") stipulate and agree as follows. The Plaintiff filed this putative class action, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 on behalf of a national class.

The Parties dispute whether Plaintiff agreed to arbitrate the claims at issue in this case. The Parties anticipate that further information concerning Plaintiff's experience with Defendant's website will be exchanged in discovery, which Defendant believes might demonstrate that Plaintiff agreed to arbitrate the claims in this lawsuit. Plaintiff disputes that Plaintiff agreed to arbitrate the claims in this case.

The Plaintiff also filed a putative class action against CookUnity, LLC in the action styled *Wilson v. CookUnity, LLC*, Case No. 1:25-cv-03237-TRJ, currently pending in the United States District Court for the Northern District of Georgia ("*CookUnity*"). The defendant in *CookUnity* has filed a motion to compel arbitration and a motion to dismiss for failure to state a claim because the defendant in *CookUnity* asserts that Plaintiff consented to receive the challenged communications and agreed to arbitrate her claims against the defendant in that case. Plaintiff disputes that she consented to receive the challenged messages and that she agreed to arbitrate her claims in *CookUnity*. Thus, in *CookUnity,* Plaintiff has opposed the defendant's motion to compel arbitration and motion to dismiss for failure to state a claim. The facts in *CookUnity* are similar to the facts in this case, as the *CookUnity* parties have disputed the factual issues surrounding Plaintiff's experience on the defendant's website.

The motion to compel arbitration is fully briefed and currently pending in *CookUnity*. Because of overlapping factual and legal issues, the Parties hereto agree that the outcome of the motion to compel arbitration in *CookUnity* will likely impact Defendant's ability to seek arbitration in this action, but Plaintiff does not wish to delay the case. Thus, the Parties agree that after the court in *CookUnity* issues a decision on the pending motion to compel arbitration, the Parties will notify the Court about the *CookUnity* decision, at which point EveryPlate will either state

its intent to proceed with seeking to compel arbitration or withdraw its intent to do so. The Parties further agree that EveryPlate will not have waived its right to seek to compel arbitration between now and that time when the *CookUnity* decision is issued.

NOW THEREFORE, upon the approval of the Court, it is **SO STIPULATED AND ORDERED:**

1. The Parties will proceed with discovery. The Parties agree that proceeding with discovery will not waive Defendant's right or ability to seek to compel arbitration based on information Defendant obtains in discovery or based on the outcome of the motion to compel arbitration in the *CookUnity* action.

2. No later than 30 days after the court in *CookUnity* issues a decision on the pending motion to compel arbitration, the Parties will notify the Court about the *CookUnity* decision, at which point EveryPlate will either state its intent to proceed with seeking to compel arbitration or withdraw its intent to do so. The Parties further agree that EveryPlate will not have waived its right to seek to compel arbitration between now and that time when the *CookUnity* decision is issued.

3. The Parties preserve all rights and defenses, and do not waive any, by entering into this stipulation. The Parties agree that they shall not use anything herein, or Defendant's participation in discovery, to argue that Defendant waived its right to seek to compel Plaintiff to arbitrate, especially because Defendant's

investigation is ongoing and the determination to seek to compel arbitration has not been made.

[signatures on following page]

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Date:  October 27, 2025

| | |
|---|---|
| */s/ Anthony I. Paronich* <br> Anthony I. Paronich (admitted pro hac vice) <br> **PARONICH LAW, P.C.** <br> 350 Lincoln Street, Suite 2400 <br> Hingham, MA 02043 <br> Tel: (617) 485-0018 <br> anthony@paronichlaw.com <br><br> *Counsel for Plaintiff and the proposed class* | */s/ Jarred A. Klorfein* <br> Michael A. Caplan <br> Georgia Bar No. 601039 <br> Jarred A. Klorfein <br> Georgia Bar No. 562965 <br> **CAPLAN COBB LLC** <br> 75 Fourteenth Street, NE, Suite 2700 <br> Atlanta, Georgia 30309 <br> Tel: (404) 596-5600 <br> Fax: (404) 596-5604 <br> mcaplan@caplancobb.com <br> jklorfein@caplancobb.com <br><br> */s/ Ari N. Rothman* <br> Ari N. Rothman (pro hac vice) <br> Shahin O. Rothermel (pro hac vice forthcoming) <br> **VENABLE LLP** <br> 600 Massachusetts Avenue, NW <br> Washington, DC 20001 <br> Tel: (202) 344-4000 <br> Fax: (202) 344-8300 <br> anrothman@venable.com <br> sorothermel@venable.com <br><br> *Counsel for Defendant* <br> *Grocery Delivery E-Services USA Inc. d/b/a EveryPlate* |

**IT IS SO ORDERED**.

Date:  October __, 2025

                                                **VICTORIA M. CALVERT**
                                                **UNITED STATES DISTRICT JUDGE**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused a true and correct copy of the foregoing document to be filed with the clerk's office by using this Court's CM/ECF system, which will serve a true and correct copy of the same upon all counsel of record.

This 27th day of October, 2025.

>/s/ *Jarred A. Klorfein*
>Jarred A. Klorfein
>*Counsel for Defendant*
>*Grocery Delivery E-Services USA Inc.*
>*d/b/a EveryPlate*