IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Erin Wilson, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Grocery Delivery E-Services USA Inc.<br><br>Defendant. | CIVIL ACTION FILE<br>NO. 1:25-cv-03262-VMC |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Erin Wilson ("Plaintiff") and Defendant Grocery Delivery E-Services USA Inc. ("Defendant") by and through undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan. The parties agree by proceeding with discovery, Defendant does not waive its right to move to compel Plaintiff to arbitrate the claim in Plaintiff's complaint given Defendant's affirmative defense in its Answer filed September 5, 2025. ECF No. 16.

1. **Description of Case:**

   (a)   <u>**Describe briefly the nature of this action.**</u>

   <u>Plaintiff's Statement:</u>

   Plaintiff filed a class action complaint against Defendant through which is it asserted Defendant routinely violated the Telephone Consumer Protection Act ("TCPA") by delivering, or causing to be delivered, text to cellular telephone numbers of individuals on the Do Not Call Registry who had no relationship with Defendant, despite that being required by the TCPA.

   Defendant cannot show that the Plaintiff agreed to arbitrate the claim in the complaint and would have a basis to allege as much. Furthermore, while the Supreme Court recently held that courts are not automatically bound by the FCC's interpretations, and should make their own assessment of what the TCPA means. *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 152 (2025). So the Defendant therefore asks this court to reject the FCC's longstanding interpretations and hold that the Do Not Call List protects only voice calls, upending protections for potentially hundreds of millions of Americans who receive unwanted and non-consensual text messages. However, as this Court will see if the Defendant ever actually files a motion on the issue, a fresh read of the statutory text confirms that cell phone subscribers are eligible for the Do Not Call

List, and that listing their number protects them from intrusive text messages, not just voice calls.

There are no pending or previously adjudicated related cases.

<u>Defendant's Statement:</u>

Discovery could show that Plaintiff agreed to arbitrate the claim in the complaint. As to the merits, recent caselaw issued after the Supreme Court's ruling in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp,* 606 U.S. 146 (2025) holds that the TCPA does not apply to text messages. *See Jones v. Blackstone Med. Servs., LLC*, No. 1:24-CV-01074-JEH-RLH, 2025 WL 2042764 (C.D. Ill. July 21, 2025); *Davis v. CVS Pharmacy, Inc.*, No. 4:24-CV-477-AW-MAF, 2025 WL 2491195 (N.D. Fla. Aug. 26, 2025); *Aliana El Sayed V. Naturopathica Holistic Health, Inc., et al*, No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759 (M.D. Fla. Oct. 24, 2025). This case law reasons that the TCPA's plain text cannot be read to govern text messages, even after affording deference to the Federal Communications Commission pre-*McKesson* interpretations stating the contrary. In all events, Defendant denies all allegations of wrongdoing, denies that it violated the TCPA, and denies that Plaintiff or any putative class member is entitled to relief by reason of any allegations in the complaint and denies that the Court can or should certify a class.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Statement:

Plaintiff maintains that there was no prior relationship with Defendant, never signed up for any of their offerings or provided consent to be called. Nevertheless, it is alleged that text messages like the below we received:



Despite the STOP request, the Plaintiff also received a live telemarketing call from the Defendant. Plaintiff alleges these calls were sent *en masse* to putative class members.

The Defendant has produced no evidence showing that this plaintiff consented to the text messages that they sent. Indeed, the Defendant's defense suffers from the

same defect as the *CookUnity* case, which is that they cannot plausibly allege that it is the Defendant who provided consent.

Defendant's Statement:

Defendant's records suggest that Plaintiff, or someone acting on her behalf, could have consented to the text messages over which Plaintiff is suing which would, in turn, provide a complete defense to Plaintiff's TCPA claim. But, even if for some reason plaintiff disputes consent, Defendant's routine business practice is to only send text messages to persons who consent to receive them and to secure each such person's agreement to arbitration during the same transaction. At most then, Plaintiff's experience represents an unusual and individualized circumstance that cannot be used to certify or maintain the class she seeks to certify.

Defendant's records indicate that Plaintiff, or someone acting on her behalf, could have agreed to arbitration when Plaintiff visited Defendant's website and/or completed a purchase on Defendant's website. On June 5, 2025, Plaintiff, represented by the same counsel in this case, filed a substantially similar action in the United States District Court for the Northern District of Georgia, *Wilson v. CookUnity LLC*, No. 1:25-cv-03237-TRJ (N.D. Ga. 2025). In *CookUnity*, Plaintiff alleges a violation of the TCPA under 47 U.S.C. § 227(c)(5) as Plaintiff does here. The defendant in *CookUnity* has filed a motion to compel arbitration and a motion to dismiss for failure to state a claim because the defendant asserts that Plaintiff

5

consented to receive the challenged communications and agreed to arbitrate her claims in that case. Plaintiff disputes that she consented to receive the challenged messages in *CookUnity* and that she agreed to arbitrate her claims against *CookUnity*. Thus, in *CookUnity,* Plaintiff has opposed the defendant's motion to compel arbitration and motion to dismiss for failure to state a claim. Both motions are fully briefed and have been taken under submission by Judge Tiffany R. Johnson. When a decision is issued in that case, Defendant will assess whether to file dispositive motions, including a motion to compel arbitration. Plaintiff and Defendant have stipulated that Defendant has not waived its right to move to compel arbitration by proceeding with discovery.

**(c)   The legal issues to be tried are as follows:**

1. Whether Plaintiff agreed arbitrate the claim in Plaintiff's complaint;

2. Whether the TCPA applies to text messages given *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp,* 606 U.S. 146 (2025);

3. Whether Plaintiff or any similarly situated individuals can establish a claim under the TCPA (47 U.S.C. § 227(c)(5));

4. Whether this action should be certified as a class action;

5. Whether Plaintiff can certify a class under Rule 23;

6. Whether class certification is appropriate under Rule 23(b)(2) or 23(b)(3);

7. Whether Plaintiff consented to receive the text messages over which plaintiff is suing;

    8.    Whether Plaintiff established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations;

    9.    Whether Plaintiff or any similarly situated individuals' claims are barred or limited by any other defenses Defendant may have; and

    10.    Whether Plaintiff or any similarly situated individuals are entitled to damages, and if so, the amount of the damages.

The parties reserve the right to amend, and/or add to this list of issue to be tried.

**(d)    The cases listed below (include both style and action number) are:**

    (1)    Pending Related Cases:

    (2)    Previously Adjudicated Related Cases:

None.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

    \_\_\_\_  (1)  Unusually large number of parties
    \_\_\_\_  (2)  Unusually large number of claims or defenses
    \_\_\_\_  (3)  Factual issues are exceptionally complex
    x   (4)  Greater than normal volume of evidence
    x   (5)  Extended discovery period is needed
    \_\_\_\_  (6)  Problems locating or preserving evidence
    \_\_\_\_  (7)  Pending parallel investigations or action by government
    x   (8)  Multiple use of experts
    \_\_\_\_  (9)  Need for discovery outside United States boundaries
    \_\_\_\_  (10)  Existence of highly technical issues and proof
    \_\_\_\_  (11)  Unusually complex discovery of electronically stored information

**3.    Counsel: The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Lead counsel for Plaintiff:    Anthony Paronich

|  | Paronich Law, P.C. |
|---|---|
| Lead counsel for Defendant: | Ari N. Rothman |
|  | Shahin O. Rothermel |
|  | Venable LLP |

**4. Jurisdiction:**

Is there any question regarding this court's jurisdiction?

☒   Yes            ☐   No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

As set forth therein, Defendant reserves all rights to object to this Court's jurisdiction as circumstances warrant—including if discovery reveals that Plaintiff lacks Article III standing. Defendant also reserves the right to compel arbitration against Plaintiff and purported absent class members as circumstances warrant. If this Court finds that the parties have agreed to arbitrate the claim in Plaintiff's complaint, Defendant reserves the right to move to dismiss the complaint for lack of subject-matter jurisdiction. The Parties have stipulated that Defendant, by proceeding with discovery at this juncture, has not waived its right to move to compel arbitration against Plaintiff and purported absent class members as

circumstances warrant. The Parties file herewith a stipulation on Defendant's Reservation of Rights regarding Arbitration.

5. **The names of necessary parties to this action who have not been joined and any questions of misjoinder of parties and inaccuracies and omissions regarding the names of parties.**

   <u>Parties to This Action</u>:

   **(a)     The following persons are necessary parties who have not been joined:**

   <u>Plaintiff's Response</u>: To the extent Defendant used any vendor to send any of the subject text messages or calls, Plaintiff may add the vendor to this matter as a party-defendant once Plaintiff learns, through discovery, of the identity of any vendor used by Defendant and the extent to which the vendor participated in sending the telemarketing calls at issue.

   <u>Defendant's Response</u>: None.

   **(b)     The following persons are improperly joined as parties:**

   None.

   **(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

   None.

   **(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6. **Amendments to the Pleadings**: Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in Local Rule 15.

    (a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

    None at this time.

    (b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions**: All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

    *(a) Defendant's Motion to Compel Arbitration*: Defendant requests the Court allow Defendant to move to compel arbitration, or to disclose to the Court and Plaintiff that no such motion will be filed, before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

    (b) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

    (c) *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

>   **(d)**   ***Other Limited Motions:***  Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
>
>   **(e)**   ***Motions Objecting to Expert Testimony:***  Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

The parties propose and request the deadline by which Plaintiff must file a motion for class certification be the later of: (a) twelve months from the date of entry of this Scheduling Order; or (b) twelve months from the date of entry of an order denying Defendant's motion to compel arbitration if Defendant files one.

The parties propose and request the deadline by which the parties must file dispositive motions should be sixty (60) days from the date the Court rules on Plaintiff's motion for class certification.

The parties propose and request the below expert disclosure schedule:

Plaintiff to disclose expert(s) and serve expert report(s) by April 2, 2026

Defendant to disclose expert(s) and/or any rebuttal expert(s) and serve expert report(s) by May 3, 2026; and

Plaintiff to disclose any rebuttal expert(s) and serve rebuttal expert report(s) by June 2, 2026.

8. **Initial Disclosures:** The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial

**disclosures are not appropriate, state the party and basis for the party's objection:**

None.

9. **Request for Scheduling Conference: Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not applicable.

10. **Discovery Period: The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in Local Rule 26.2A, responses to initiate discovery must be completed before expiration of the assigned discovery period.**

    **Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

    **Please state below the subjects on which discovery may be needed:**

    Plaintiff's Statement:

    The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support an anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who

12

made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

Defendant's Statement:

Defendant anticipates seeking discovery to determine if Plaintiff agreed to arbitrate the claim in plaintiff's complaint and if Plaintiff consented to the text messages over which she is suing. Defendant will seek discovery from plaintiff regarding (1) whether and how Plaintiff visited Defendant's website and agreed to arbitrate the claim in this action; (2) whether and how Plaintiff completed a purchase from defendant and agreed to arbitrate the claim in this action; (3) what identifying information Plaintiff the plaintiff provided if Plaintiff accessed or visited Defendant's website; (4) whether other individuals, related or unrelated to Plaintiff, visited or accessed Defendant's website using Plaintiff's information; (5) Plaintiff's mobile and internet activity during the time period surrounding Plaintiff's claim; (6) what devices Plaintiff used to visit or access Defendant's website; and (7) communications between Plaintiff and Defendant, and entities related to Defendant.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties agree and request the deadline to complete discovery should be June 16, 2026.

11. **Discovery Limitations:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None.

**(b) Is any party seeking discovery of electronically stored information?**

☒   Yes        ☐   No

**If "yes,"**

**(1)   The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have discussed potential data sources to be searched and will attempt to collaborate on the scope of such productions. If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**(2)   The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:**

The parties agree to confer and work together to establish appropriate procedures regarding the format for production of electronically stored information. In the unlikely event that the parties cannot resolve these issues via stipulation or

stipulated order, the parties shall request a scheduling conference regarding these issues.

12. **Other Orders:**
**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties intend to seek a protective order of confidentiality.

13. **Settlement Potential:**

(a) **Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on October 3, 2025 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff: _/s/ Anthony Paronich_

For Defendant: _/s/ Shahin O. Rothermel_

(b) **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

☐ A possibility of settlement before discovery.

☒ A possibility of settlement after discovery.

☐ A possibility of settlement, but a conference with the judge is needed.

☐ No possibility of settlement.

(c) **Counsel ☒ do   ☐ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

15

**(d)  The following specific problems have created a hindrance to settlement of this case.**

None at this time.

14. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties ☐ **do**  ☒ **do not** consent to having this case tried before a magistrate judge of this court.

15. **Electronic Service**

The parties agree that paper filings may be served electronically in accordance with Fed. R. Civ. P. 5(b)(2)(E).

Respectfully submitted on this 27th day of October, 2025.

*/s/ Anthony I. Paronich*
Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
*Counsel for Plaintiff and the proposed class*

*/s/ Shahin O. Rothermel*

Michael A. Caplan
Georgia Bar No. 601039
Jarred A. Klorfein
Georgia Bar No. 562965
CAPLAN COBB LLC
75 Fourteenth Street, NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
mcaplan@caplancobb.com
jklorfein@caplancobb.com

Ari N. Rothman (*pro hac vice*)
Shahin O. Rothermel (*pro hac vice*)
VENABLE LLP
600 Massachusetts Ave NW
Washington, D.C. 20001
anrothman@venable.com
sorothermel@venable.com
Tel: (202) 344-4000
Fax: (202) 344-8300

*Counsel for Defendant*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 20____.